IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| D.R.M, by and through her mother, and guardian, SHERRI L. MCNAIR, Plaintiff, | : : : : | CIVIL ACTION |
| v. | : : | NO. 19-cv-2942 |
| ANDREW M. SAUL, Commissioner of Social Security, Defendant. | : : : : | |

## MEMORANDUM AND OPINION

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                                         March 19, 2020

Plaintiff, Sherri L. McNair, brought this counseled action on behalf of her minor child, D.R.M., pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner of the Social Security Administration's decision denying her claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act ("Act"). This matter is before me for disposition, upon consent of the parties.[1] For the reasons set forth below, Plaintiff's request for review will be **DENIED**.

### I.    PROCEDURAL HISTORY

D.R.M. was born on August 20, 2007. (Pl. Br. at 2, ECF 10). On October 18, 2011, the Social Security Administration approved D.R.M.'s claim for SSI as of August 12, 2011, when she was four years old. (R. 87-100). D.R.M. was found to functionally meet the listing for mood disorder and heart arrhythmias. (R. 18). On April 19, 2016, at age eight, D.R.M. was found to

---
[1] In accordance with 28 U.S.C. § 636(c), the parties voluntarily consented to have the undersigned United States Magistrate Judge conduct proceedings in this case, including the entry of final judgment. (Consent and Order, ECF Nos. 4 and 6).

be no longer disabled as of April 1, 2016. (R. 102-106). Plaintiff requested a hearing before an ALJ which was held on July 3, 2018. (R. 14). Plaintiff was represented by counsel at the hearing; D.R.M. and Plaintiff appeared and testified. *Id.* In a decision dated August 23, 2018, the ALJ concluded that D.R.M. was not disabled under the Act. (R. 14-29). Plaintiff, through counsel, requested Appeals Council review of the ALJ's decision. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (R. 1-5). Plaintiff filed this action, seeking judicial review of the ALJ's decision. The Commissioner has filed a response and this matter is ripe for disposition.

## II.     STANDARD OF REVIEW

The Act requires that the Commissioner conduct a periodic review of a child's continued eligibility for SSI. 20 C.F.R. 416.994a. There is no presumption of continuing disability. *See Dowling o/b/o D.Y. v. Berryhill*, 2018 WL 5342786, at *11 (E.D.Pa. Oct. 29, 2018). The periodic review is governed by the three-step medical improvement review standard (MIRS). *Id.*; 20 C.F.R. § 416.994a(a); SSR 05-03p. At step one of the MIRS analysis, the ALJ will consider whether medical improvement has occurred since the time of the most recent favorable decision, known as the comparison point decision (CPD). *Dowling*; 2018 WL 5342786 at *11; 20 C.F.R. § 416994a(b)(1). "Medical improvement" is defined as "any decrease in the medical severity of the claimant's impairments." SSR 05-03p. If there has been no medical improvement, the child's disability continues; if medical improvement has occurred, the ALJ proceeds to step two. *Id*. At step two of the MIRS analysis, the ALJ must determine whether the child's impairments as established at the time of the CPD now meet or functionally equal the same listing that it met or functionally equaled at the time of the CPD. *Id.* If the child's CPD

impairments do not still meet or functionally equal the severity of the listed impairments, the ALJ must proceed to step three. *Id.* At step three of the MIRS analysis, the ALJ must determine whether the child is currently disabled, considering all current impairments. *Id.*

The ALJ must apply a three-step sequential evaluation process to determine if the child is currently disabled. 20 C.F.R. § 416.924(a). A child under eighteen is eligible for SSI benefits only if: (1) she is not performing substantial gainful activity; (2) she has a medically determinable impairment or combination of impairments that is severe; and (3) the impairment or combination of impairments meets, medically equals, or functionally equals the severity of one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924.

If the sequential evaluation process proceeds to the third step and the child's impairment does not meet or medically equal a listing, the ALJ must determine whether the impairment functionally equals a listing. An impairment or combination of impairments functionally equals a listed impairment if it causes a "marked" limitation in two of six domains of functioning or an "extreme" limitation in one of those six domains. 20 C.F.R. § 416.926(a). [2] The six domains are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

Judicial review of a final decision of the Commissioner is limited. The District Court is bound by the findings of the Commissioner if they are supported by substantial evidence and

---

[2] A "marked" limitation "interferes **seriously** with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i) (emphasis added). An "extreme" limitation "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i).

decided according to correct legal standards. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999); *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989); *Coria v. Heckler*, 750 F.2d 245, 247 (3d Cir. 1984). Substantial evidence is "more than a mere scintilla," and "such relevant evidence as a reasonable mind might accept as adequate." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118 (3d Cir. 2000) (citing *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)). Even if the record could support a contrary conclusion, the decision of the ALJ will not be overruled as long as there is substantial evidence to support it. *Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986); *see Schoengarth v. Barnhart*, 416 F.Supp.2d 260, 265 (D. Del. 2006) (citing *Monsour Medical Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986)) ("a reviewing court may not undertake *de novo* review of the Commissioner's decision and may not re-weigh the evidence in the record."). The Court has plenary review of legal issues. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)).

### III. THE ALJ'S DECISION

Using the three-step sequential analysis, the ALJ determined that Plaintiff was not disabled as defined by the Act. (R. 29). In her August 23, 2018, decision, the ALJ found:

1. The most recent favorable decision finding that D.R.M. was disabled is the determination dated October 18, 2011. This is known as the "comparison point decision" or CPD.

2. At the time of the CPD, D.R.M. had the following medically determinable impairments: Mood Disorder and Recurrent Arrythymias. These impairments were found to functionally equal the listings. (20 C.F.R §§ 416.924(d) and 416.926(a)).

3. Medical improvement occurred as of April 1, 2016. (20 C.F.R. §§ 416.994a(c)).

4. D.R.M. was born on August 20, 2007. Therefore, she was a school-age child on April 1, 2016, and is currently a school-age child (20 C.F.R. § 416.926a(g)(2)).

5. Since April 1, 2016, the impairments that D.R.M. had at the time of the CPD have not functionally equaled the Listings of Impairments (20 C.F.R. §§ 416.994a(b)(2), and 419.926a and SSR 05-03p).

6. Since April 1, 2016, D.R.M. has had the following severe impairment: Mood Disorder (20 C.F.R. § 416.924(c)).

7. Since April 1, 2016, D.R.M. has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.925, and 416.926).

8. Since April 1, 2016, D.R.M. has not had an impairment or combination of impairments that functionally equals the listings. (20 C.F.R §§ 416.924(d) and 416.926(a)).

9. D.R.M.'s disability ended as of April 1, 2016, and D.R.M. has not become disabled again since that date. (20 C.F.R. § 416.994(a)).

(R. 17-29). Accordingly, the ALJ found that D.R.M was no longer disabled and not entitled to SSI benefits under the Act. (R. 29).

IV. DISCUSSION

Plaintiff sole contention is that the "determination of the [ALJ] that [D.R.M.] is no longer impaired" is not supported by substantial evidence. (Pl. Br. at 2, ECF 10). Plaintiff asserts that D.R.M. continues to be disabled because she has marked limitations in two domains: her ability to interact and relate with others, and her ability to care for herself.[3] (Pl. Br. at 3, ECF 10).

---

[3] Plaintiff also appears to argue that the ALJ's finding that D.R.M.'s mood disorder was a severe impairment at step two of the sequential evaluation process was sufficient to find D.R.M. disabled. (Pl. Br. at 3-4, ECF 10). However, the severity determination at step two is a *de minimus* screening tool for disposing of groundless claims. *See Kerins v. Comm'r of Soc. Sec.*, 174 F. App'x 100, 103 (3d Cir. 2006). This severity determination allows the sequential evaluation process to proceed and is not dispositive.

5

Plaintiff identifies two areas that she argues were not properly considered by the ALJ: D.R.M. "repeatedly fights and cannot get along with her twin sister" as substantiated by her mother's testimony and records from her counselor, Dana Greene; and D.R.M. has "repeated nightmares and inability to sleep resulting in her neglecting her self-care when at home," also substantiated by her mother. (Pl. Br. at 3-4, ECF 10). The Commissioner counters that the ALJ fully considered and evaluated all evidence in the record in determining D.R.M. had a less than marked limitation in her ability to interact and relate to others and to care for herself, D.R.M. experienced a medical improvement, and the ALJ's findings were supported by substantial evidence. (Def.'s Resp. 1, ECF No. 13). I agree with the Commissioner.

### A. Interacting with and relating to others

Plaintiff asserts that D.R.M. is still disabled as she continues to suffer from a marked limitation in her ability to interact with and relate to others. (Pl. Br. At 3, ECF. 10). Specifically, Plaintiff asserts that testimony offered at the administrative hearing and the records of D.R.M.'s counselor, Dana Greene, support the finding that D.R.M. continues to have marked limitations in interacting with and relating to others. *Id.* The Commissioner counters that D.R.M has experienced medical improvement, and substantial evidence supports the ALJ's conclusion that she no longer has marked limitations in interacting with and relating to others. (Def's Resp. at 6-8. ECF No. 13).

In analyzing this domain, the ALJ considers how well the claimant can "initiate and sustain emotional connections with others, develop and use the language of [his or her] community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others." 20 C.F.R. § 416.926a(i). The regulations provide that a claimant of D.R.M.'s age should be able to develop more lasting friendships with like-aged

6

children; begin understanding how to work in groups to create projects and solve problems; increasingly understand another's point of view and tolerate differences; and be able to talk to people of all ages, share ideas, tell stories, and speak in a manner that both familiar and unfamiliar listeners readily understand. *Id.* § 416.926a(i)(2)(iv). Examples of limited functioning in this domain include not having any close friends; withdrawing from people; being overly anxious or fearful of meeting new people; having difficulty playing games or sports; and having difficulty communicating or speaking intelligibly. *Id.* § 416.926a(i)(3).

Here, the ALJ considered the testimony of Plaintiff and D.R.M. as well as D.R.M.'s school records. (R. 21-22). The ALJ noted that Plaintiff reported D.R.M spent 98% of the day fighting with her twin sister and that Plaintiff had concerns about the level of violence between them. (R 21). The ALJ also reported that Plaintiff testified that D.R.M. was disrespectful toward her and did not get along well with other children. *Id*. However, Plaintiff admitted that D.R.M.'s school does not report any poor conduct or oppositional problems. *Id*. The ALJ noted that the documentary evidence does not fully support Plaintiff's claims. *Id.* In a February 2016 questionnaire, D.R.M.'s third grade teacher noted that D.R.M. had no problems interacting or relating to others. *Id.* The ALJ further noted that an April 2016 psychological consultative exam found that D.R.M. was able to interact on an age appropriate level. *Id*. Similarly, the ALJ observed that an August 2016 neuro-physical evaluation assessed D.R.M. as friendly and cooperative with appropriate eye contact. *Id.* D.R.M.'s mental health treatment records describe her as calm and cooperative. *Id*. D.R.M. testified that she enjoys being with her friends. (R. 25)

Plaintiff asserts that the treatment records of Dana Greene, LPC, support a finding that D.R.M. suffered a marked limitation in this domain, but Plaintiff fails to cite to any specific

7

treatment note to support this contention.[4] (Pl. Br. at 3, ECF 10). As the ALJ reported, Greene noted in a June 2017 narrative that D.R.M. was forthright, honest, and cooperative; when she and her sister were in the office they played quietly alone or together. (R. 21-22). The ALJ further noted that Greene remarked it is "unusual for children to be able to play quietly for such a long time in an unsupervised setting and it is very common for children to act out in the second or third session to allow her to see what they might be like at home or in school," but that never happened with D.R.M.. *Id*. Further, the ALJ acknowledged that Greene described D.R.M.'s behavior as "exemplary" and that she was "hard pressed" to state that D.R.M. was disabled to the point that she requires SSI. (R. 22, 26).

The ultimate decision of whether a claimant is disabled is reserved for the Commissioner. 20 C.F.R. 416.927(d)(1). While Plaintiff asserts that D.R.M.'s behaviors indicate a marked limitation in interacting with and relating to others, the ALJ did not find her testimony consistent with D.R.M.'s school and medical records. This Court is required to accept the findings of the ALJ if they are supported by substantial evidence. The ALJ appropriately relied on D.R.M.'s third grade teacher's evaluation where she noted that D.R.M. had no problems interacting with and relating to others and was functioning on an age-appropriate level. (R. 21, 298). D.R,M herself testified that she enjoys being with her friends. (R. 25, 43). Finally, Plaintiff's counselor, Dana Greene, described D.R.M.'s behavior as "exemplary." (R. 21-22, 645-646).

Having reviewed these findings and the record, I conclude that substantial evidence supports the ALJ's determination that D.R.M. does not suffer from a marked limitation in

---

[4] We have reviewed Greene's narrative and do not find any support for Plaintiff's claim that Greene found D.R.M. to suffer a marked limitation in interacting with or relating to others. (R. 645-646).

interacting with or relating to others. Therefore, Plaintiff's request for remand on this basis is denied.

B.     **Caring for Oneself**

Plaintiff asserts that D.R.M is still disabled as she continues to suffer from a marked limitation in her ability to care for herself. (Pl. Br. at 4, ECF. 10). Specifically, Plaintiff asserts that testimony offered at the administrative hearing supports this finding. *Id.* The Commissioner counters that D.R.M has experienced medical improvement and that substantial evidence supports the ALJ's conclusion that she does not have a marked limitation in her ability to care for herself. (Def's Resp. at 8-10. ECF No. 13).

In analyzing this domain, the ALJ considers how well the claimant can "maintain a healthy emotional and physical state, including how well a child satisfies her physical and emotional wants and needs in appropriate ways." 20 C.F.R. § 416.926a(k). This includes how the child copes with stress and changes in the environment and whether the child takes care of her own health, possessions, and living area. *Id.* The regulations provide that a school-age child without an impairment should be independent in most day-to-day activities (e,g., dressing and bathing), although she may still need to be reminded sometimes to do these routinely. *Id.* The child should begin to recognize that she is competent in doing some activities but has difficulty doing others. *Id.* The child should be able to identify those circumstances when she feels good about herself and when she feels bad. *Id.* The child should begin to develop understanding of what is right and wrong, and what is acceptable and unacceptable behavior.

The ALJ found that D.R.M. had no limitation in her ability to care for herself, noting that despite complaints of difficulty sleeping and occasional nightmares, D.R.M. exhibited age appropriate self-care activities. (R. 28). The ALJ also acknowledged that state agency

psychologist, Dennis Gold, Ph.D; state agency medical consultant Shannon Wander, M.D.; state agency psychological consultant Frank Myrkalo, Ed.D.; and state agency medical consultant Kurt Maas, M.D. all determined that D.R.M. had no limitations in the domain of caring for herself. (R. 26).

Plaintiff asserts that D.R.M.'s "repeated nightmares and inability to sleep [result] in her neglecting her self-care when at home." However, Plaintiff does not point to any evidence in the record to support this assertion other than her own testimony that D.R.M. has sleeping problems. The ALJ acknowledged Plaintiff's testimony that D.R.M. sometimes had difficulty sleeping, but also noted that Plaintiff asserted that D.R.M. is capable of performing self-care tasks. (R. 25).

As stated above, the ultimate decision of whether a claimant is disabled is reserved for the Commissioner. 20 C.F.R. 416.927(d)(1). While Plaintiff asserts that D.R.M.'s behaviors indicate a marked limitation in caring for herself, the ALJ did not find her testimony consistent with D.R.M.'s medical records. This Court is required to accept the findings of the ALJ if they are supported by substantial evidence. The ALJ found that D.R.M. was capable of age-appropriate self-care activities. Plaintiff herself testified that D.R.M. was independent in her personal care. (R. 26, 56). The ALJ determined that there was "no evidence to support any limitation in [D.R.M.'s] ability to care for herself as compared to her peers." (R. 28).

Having reviewed these findings and the record, I conclude that substantial evidence supports the ALJ's determination that D.R.M. does not suffer from a marked limitation in caring for herself. Therefore, Plaintiff's request for remand on this basis is denied.

## V. CONCLUSION

For the reasons set forth above, I find that the ALJ's findings are supported by substantial evidence. Accordingly, Plaintiff's request for review is **DENIED**. An appropriate Order follows.

BY THE COURT:


  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge